**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafaela Vega Rodriguez,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Party,<br><br>Defendant. | No. CV-25-01783-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss, filed September 17, 2025. (Doc. 8.) Almost two months ago, this Court ordered Plaintiff Rafaela Vega Rodriguez to respond to the motion after she missed the deadline under the Local Rules of Civil Procedure. (Doc. 10.) To date, Plaintiff has not filed a response. The Court now rules.

**I.**

In July 2024, Plaintiff applied for U nonimmigrant status—a temporary status for victims of certain crimes who aid in the investigation or prosecution of those crimes. (Doc. 1 ¶ 16.) On May 27, 2025, Plaintiff filed a complaint in this Court to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate her petition and decide on her pending work authorization application within 14 days. (*Id.* ¶ 108.) Her complaint alleges a claim of unlawful withholding or unreasonable delay under the Administrative Procedure Act. (*Id.* ¶¶ 29-105.)

Defendant Joseph Edlow, Director of the United States Citizenship and Immigration Services, moved to dismiss for lack of subject matter jurisdiction and for failure to state a

claim. (Doc. 8.) Because Plaintiff failed to file a timely response, on November 7, 2025, the Court ordered Plaintiff to respond or risk summary adjudication of the motion. (Doc. 10.) No response has been filed.

## II.

Local Rule of Civil Procedure 7.2(i) provides:

> [I]f the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

And "[a] plaintiff's improper or invalid response to a motion to dismiss can be grounds for granting the motion to dismiss." *Garcia v. Glendale Police Dep't*, No. CV 11-02260-PHX-JAT, 2014 WL 922909, at *2 (D. Ariz. Mar. 10, 2014) (citation omitted).

When a party fails to comply with a court order or local rule, the Court has inherent authority under Federal Rule of Civil Procedure 41(b) to dismiss the action. *Link v. Wabash Ry.*, 370 U.S. 626, 629-30 (1962). The Court must weigh the following factors before dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

## III.

The first and second factors favor dismissal. Plaintiff filed her complaint on May 27, 2025—over seven months ago—and this case has yet to leave the pleading stage. (Doc. 1.) Further, the Court ordered Plaintiff to respond to the merits of Defendant's motion, granting her more time than allotted under the Local Rules, to no avail. (Doc. 10.) The public's interest in expeditious resolution of litigation and the Court's need to manage

its docket counsel in favor of dismissal. *See Woods v. City of Scottsdale*, No. CV 11-02488-PHX-JAT, 2013 WL 5446528, at *2 (D. Ariz. Sept. 30, 2013) (finding the first two *Henderson* factors support dismissal when the plaintiff failed to respond even after the Court granted him "considerable latitude" to file late).

The third factor—"the risk of prejudice to the defendants," *Henderson*, 779 F.2d at 1423—also weighs in favor of dismissal. Defendant has filed a motion to dismiss Plaintiff's pleadings, and Plaintiff failed to file a timely response despite the Court's urging. Forcing Defendant to incur unnecessary expenses and defend a lawsuit that Plaintiff has failed to advance would be prejudicial. *See Hoover v. Swift Transp. Co.*, No. CV-18-03314-PHX-JAT, 2020 WL 2084583, at *2 (D. Ariz. Apr. 30, 2020) (explaining that the third *Henderson* factor supports dismissal if the court were to require the defendant to press on with litigation "in the face of [] uncertain participation from its opponent"), *aff'd*, No. 20-16088, 2021 WL 5276016 (9th Cir. Nov. 12, 2021).

The fourth factor generally weighs against dismissal given the strong policy preference for resolving cases on their merits. A dismissal without prejudice, however, would not offend public policy because Plaintiff could pursue adjudication of the merits of her claims at a later date. *See Garcia*, 2014 WL 922909, at *2 (recognizing that a dismissal without prejudice means the fourth *Henderson* factor "neither favors nor disfavors dismissal").

Finally, the "availability of other alternatives" factor supports dismissal where the Court gives the plaintiff an additional opportunity to comply with the rules and warns about the consequences of noncompliance, as happened here. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (explaining that the court properly considered less drastic alternatives when it gave the plaintiff an additional thirty days to cure his complaint). Further, dismissing the case without prejudice means that Plaintiff can refile a complaint asserting the same claims. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). This is a less drastic sanction than a dismissal with prejudice and therefore supports dismissal of this action.

1   On balance, the *Henderson* factors tilt in favor of dismissing this action. Therefore, the Court will grant Defendant's motion and dismiss the action without prejudice.

**IT IS THEREFORE ORDERED granting** Defendant's Motion to Dismiss (Doc. 8). Plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter a judgment of dismissal without prejudice and close this case.

Dated this 30th day of December, 2025.

Michael T. Liburdi
United States District Judge